UNITED STATES of America,
Appellee,

v.

Jean MOCOMBE, Defendant–
Appellant.

No. 00–1350.

United States Court of Appeals,
Second Circuit.

Feb. 16, 2001.

Present SOTOMAYOR, Circuit Judge, and COTE, District Judge.*

## SUMMARY ORDER

UPON DUE CONSIDERATION of a judgment of the United States District Court for the Southern District of New York (Harold Baer, Jr., *Judge*), it is hereby

ORDERED, ADJUDGED AND DE-CREED that the appeal is in part DIS-MISSED, and insofar as the appeal is not dismissed, the judgment of the district court is AFFIRMED.

Jean Mocombe appeals from the judgment of the United States District Court for the Southern District of New York (Baer, J.), convicting him of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, and bribery, in violation of 18 U.S.C. § 666(a)(2), and sentencing him chiefly to 46 months imprisonment.

Mocombe was indicted for bribing employees of the New York City Department of Finance to remove records of outstanding property taxes owed by Mocombe. The first count, conspiracy, involved bribes that occurred in 1993 and 1994. Mocombe met with the supervisor of the Brooklyn City Collector's Office and agreed to pay him a percentage of the taxes owed in exchange for their elimination from the city's records. The supervisor then directed one of his employees (Ventura), who was familiar with the computer systems of the office, to remove any record of Mocombe's back taxes. Ventura was later caught, prosecuted, and agreed to cooperate with law enforcement. In 1996, Mocombe approached Ventura directly, while Ventura was wearing a tape recorder, and

Edward S. Panzer, New York, NY, for appellant.

Andrew J. Ceresney, Assistant United States Attorney, Southern District of New York; Mary Jo White, United States Attorney, Gary Stein, Assistant United States Attorney, on the brief, for appellee.

---

* The Honorable Denise Cote of the United States District Court for the Southern District of New York, sitting by designation. This case was heard before a panel of two judges; Judge Dennis Jacobs recused himself and did not participate in the proceedings.

bribed him to remove more taxes owed by Mocombe. The 1996 conduct formed the basis of the second count, bribery.

Mocombe makes four arguments on appeal: i) his trial counsel was ineffective for failing to advise him to accept a plea offer; ii) he was not counseled properly before taking the stand, and the upward adjustment in his sentence for perjury was thus in error; iii) the evidence as to the conspiracy charge was insufficient; and iv) the district court erroneously interpreted its authority to depart downward in sentencing.

After trial but before sentencing, Mocombe made a motion under 28 U.S.C. § 2255 in the district court, arguing principally that his trial counsel was constitutionally ineffective. After hearing testimony from Mocombe's trial counsel and argument from a separate counsel, the district court denied Mocombe's § 2255 motion. *See United States v. Mocombe,* No. 98 CR 770 HB, 2000 WL 488464 (S.D.N.Y. April 24, 2000). Mocombe appeals this decision.

■■■ Habeas relief for ineffective counsel is only appropriate when counsel's representation falls outside the "wide range of reasonable professional assistance," and there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 689, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The district court did not decide whether Mocombe's trial counsel committed error, holding instead that any error committed did not prejudice Mocombe. The district court found that Mocombe had not met his burden affirmatively to show that he would have taken a plea offer but for his lawyer's alleged errors.

■■■ We review the decision to deny habeas relief *de novo. See Smalls v. Batista,* 191 F.3d 272, 277 (2d Cir.1999). The record demonstrates that trial counsel made Mocombe aware of the plea offers. Mocombe concedes that he consulted with another lawyer about the plea offer and that this lawyer recommended that he accept that offer. The transcript from the district court's pre-trial conference further demonstrates that it was Mocombe's decision to proceed to trial, despite his knowledge of the existence of plea offers. We agree with the district court that, under these circumstances, Mocombe cannot meet his burden of showing that he would have taken a plea offer but for his lawyer's alleged errors. Accordingly, Mocombe's motion for habeas relief was properly denied.

■■■ Mocombe also alleges that his trial counsel was constitutionally ineffective for not adequately preparing Mocombe to testify, which forced Mocombe to choose between perjuring himself and admitting guilt. Mocombe chose perjury, and his sentence was therefore increased by two offense levels for obstruction of justice. Even if we found that Mocombe received inadequate preparation before testifying, Mocombe was aware of his obligation to tell the truth before taking the stand. *Cf. United States v. Winter,* 348 F.2d 204, 208–09 (2d Cir.1965) (holding that the government's failure to apprize defendant of his right to counsel prior to grand jury testimony does not excuse defendant's perjury). Once a court has determined that the defendant perjured himself, application of the sentencing enhancement is mandatory. *See United States v. Dunnigan,* 507 U.S. 87, 98, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *United States v. Friedman,* 998 F.2d 53, 57–58 (2d Cir.1993). Therefore, we affirm the

district court's application of the sentencing enhancement for perjury.

 Mocombe further claims that there is insufficient evidence to support the first count, conspiracy to defraud the United States.

> When a defendant challenges the sufficiency of the evidence underlying his conviction, we review the evidence in the light most favorable to the government, drawing all possible inferences in favor of the prosecution.... The ultimate question is not whether we believe the evidence adduced at trial established defendant's guilt beyond a reasonable doubt, but whether any rational trier of fact could so find.

*United States v. Payton,* 159 F.3d 49, 55–56 (2d Cir.1998) (citations omitted). After reviewing the record, we conclude that there was more than sufficient circumstantial evidence of a conspiracy. Ventura's testimony, supported by tape recordings of Mocombe, demonstrated that Mocombe conspired with two other parties to have his property taxes eliminated. We therefore affirm the jury's conviction on the first count.

Finally, Mocombe alleges that the district court erred in denying his motion for a downward departure at sentencing. The district judge declined to grant Mocombe an "aberrant behavior" downward departure, because Mocombe's conduct continued over several years and constituted two schemes. Mocombe claims that the district court failed to perceive its authority to depart downward. The record directly belies this claim. The district court explicitly considered this issue closely and concluded that a downward departure was not warranted because "the aberrant behavior concept is really a one-shot deal operation and this was really at least two shots." When a court correctly interprets its authority to depart downward, as the district court did here, we lack the jurisdiction to review the court's election not to do so. *See United States v. Labeille–Soto,* 163 F.3d 93, 100 (2d Cir.1998). We therefore dismiss this portion of the appeal.

For the reasons set forth above, the appeal is hereby in part DISMISSED, and insofar as the appeal is not dismissed, the judgment of the district court is AFFIRMED.